UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, et al., | ) ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) CAUSE NO. 3:19-cv-923 RLM-MGG ) |
| FRONTIER SUPPLY CHAIN SOLUTIONS, INC., and GRANYA RV IMPORTERS, INC., | ) ) ) ) ) |
| Defendants | ) |

OPINION AND ORDER

Heartland Recreational Vehicles, LLC; Airstream, Inc.; Keystone RV (doing business as Crossroads RV and Dutchmen Manufacturing, Inc.), Cruiser RV, LLC; and DRV, LLC (the RV companies) worked with Frontier Supply Chain Solutions, Inc. and its subsidiary Granya RV Importers, Inc. to import their recreational vehicles into Canada. The Canada Revenue Agency investigated and fined the RV companies, which then filed this suit against Frontier and Granya. The defendants filed a motion to dismiss all of the plaintiffs' claims. The court heard oral argument on August 4. For the following reasons, the court grants the defendants' motion in part.

I. FACTS

Accepting the plaintiffs' well-plead facts as true, these are the facts of the case. Frontier approached the RV companies around 2011 and proposed to act as the companies' customs broker in Canada. Frontier said it would act as the companies' "presence in Canada for compliance services" and help them clear their vehicles into the country. Previously, the RV companies didn't pay Canadian goods and services taxes themselves; they left that to the Canadian dealers they worked with. Frontier proposed a system through which the plaintiffs – with Frontier's help – would collect the goods and services taxes (also known as GST/HST) on their vehicles themselves and pay the taxes directly to the Canadian government.

The RV companies decided to work with Frontier and collect their own goods and services taxes. It isn't clear on this record when Granya RV Importers was created, but it's a company that Frontier created to act as an importer of record for the RV companies in Canada. Granya RV doesn't observe corporate formalities, and its assets and business transactions are commingled with Frontier's.[1]

Frontier advised the RV companies on how to register for GST/HST purposes with the Canadian government, how to import products into Canada, how to account for GST/HST payable on their products, how to charge and

---

[1] The agreements are between the plaintiffs and Granya, but the RV companies refer to the defendants collectively Frontier. The court does the same, except when a distinction is necessary.

2

collect GST/HST from their dealers, how to remit and report the collected GST/HST, and whether the companies could claim input tax credits from the Canadian government based on GST/HST paid. The RV companies allege that Frontier said its advice was supported by a ruling from the Canada Revenue Agency, as well as its own accounting firm and attorneys.

The RV companies executed representation agreements with the defendants in 2012 (though not all at the same time). The agreements designate Granya as the RV companies' representative for the accounting, payment, and refund of customs and/or excise duties, excise tax, sales tax and goods and services tax on the companies' products.[2] The defendants invoiced the plaintiffs for the necessary taxes and then reported and remitted taxes and duties to the Canadian government on the RV companies' behalf.

The RV companies asked the defendants to send them invoices in U.S. Dollars, so the defendants converted the amount of GST/HST the plaintiffs owed from Canadian to U.S. Dollars on every invoice. The RV companies allege that when Frontier made these conversions, it added a hidden, fraudulent premium to the exchange rate. The companies say that their representatives noticed that something appeared incorrect on Frontiers' invoices. When they asked Frontier for an explanation, it said the markup was a "hedge" that it was charging them to mitigate losses from daily exchange rate fluctuations. Frontier

---

[2] Frontier stopped billing the RV companies through Granya in 2014, but Granya remained liable for all goods and services tax payments to the Canadian government.

also told the RV companies they could recover the hedge as an input tax credit on their Canadian taxes. The RV companies relied on the defendants' invoice line for "total GST" paid – which included the hedge fee – to claim input tax credits.

The Canada Revenue Agency audited the RV companies' tax returns and reassessed the amount of taxes each company owed. Each plaintiff received a reassessment between December 2016 and January 2019; those reassessments covered various periods between 2011 and 2016. The RV companies learned through the reassessments that Frontier had given them inaccurate tax advice and that they owed the Canadian government millions of dollars attributable to the hedge fee the defendants had invoiced them for.

The plaintiffs raise six claims in their second amended complaint [Doc. No. 33]: (1) breach of fiduciary duty; (2) constructive fraud; (3) fraud; (4) negligent misrepresentation; (5) indemnity; and (6) unjust enrichment.

## II. JURISDICTION AND APPLICABLE LAW

Neither party makes a choice of law analysis. Frontier argues that in Granya's contracts with three of the plaintiffs – Heartland, Airstream, and Keystone – there is a choice of law provision that says that laws of Canada and Manitoba govern the agreement. Those three agreements also contain a forum selection clause that says the parties consent to the jurisdiction of the

Manitoba courts. Frontier contends that those plaintiffs should be dismissed under the doctrine of *forum non conveniens*.

A court considering a *forum non conveniens* motion ordinarily must evaluate the convenience of the parties and public interest considerations to determine whether the case should be transferred to another forum. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 63 (2013) (*quoting* Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988)). When a valid forum selection clause exists, the court's analysis is limited to the public interest factors. Mueller v. Apple Leisure Corp., 880 F.3d 890, 894 (7th Cir. 2018) (*citing* Atl. Marine v. W. Dist. Of Texas, 571 U.S. at 63-64). "And because those factors are 'rarely' strong enough to override the parties' preselected forum, 'the practical result is that forum-selection clauses should control except in unusual cases.'" Id. (*quoting* Atl. Marine v. W. Dist. Of Texas, 571 U.S. at 64).

Heartland, Airstream, and Keystone don't contest the validity of the forum selection clause in their contracts with Granya. They contended at oral argument that the contractual provision that says they will attorn to the courts of the province of Manitoba doesn't require them to bring their case in Canada, but the court disagrees. The RV companies' only public interest argument is that communities in this district are heavily invested in the RV industry and

5

have a "significant interest in ensuring a fair resolution of this case." A local interest in the RV industry is insufficient to override the parties' preselected forum.

The defendants also attached agreements that they allege Cruiser RV and DRV entered with Granya. Those agreements contain a choice of law provision and forum selection clause that say the agreements will be governed by the laws and courts of Indiana. The RV companies contest the validity of those agreements in their response brief, arguing that they haven't been signed. The enforceability of those agreements is a question of fact not suitable for resolution at the motion to dismiss stage. Accordingly, the court dismisses Heartland, Airstream, and Keystone on *forum non conveniens* grounds and further considers the defendants' motion to dismiss only as to Cruiser and DRV.

III. STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. at 570). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. at 556). Twombly and Iqbal "require the plaintiff to 'provid[e] some specific facts' to support the legal claims asserted in the complaint." McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011) (*quoting* Brooks, 578 F.3d at 581)). The plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

## IV. REMAINING CLAIMS

Cruiser and DRV's claims against the defendants remain. Four of Frontier's five arguments in support of dismissal are based on substantive law. Frontier raises a statute of limitations defense; argues that the RV companies can't bring an unjust enrichment claim on the facts; and argues that the RV companies can't bring negligent misrepresentation and indemnification claims because the parties were in privity of contract.

The court can't decide these issues because the parties haven't provided an analysis as to the applicable law. In their briefs, both parties proceed on

Indiana law. But it's clear based on the parties' *forum non conveniens* arguments – both in their briefs and during oral argument – that the parties disagree as to the applicable substantive law. Frontier said at oral argument that it disagrees with the RV companies that Indiana law applies to most claims; it argued Canadian tax law is directly relevant to all claims. As the court said before, there's a choice of law provision in the Cruiser and DRV agreements that Frontier attached to its opening brief, but the RV companies contest the validity of those agreements, and the court won't make any findings of fact at this stage. The court can't analyze the plaintiffs' claims under one set of laws now and another after the parties have briefed the choice of law issue. Frontier needed to make a choice of law argument to support its motion in order to be successful; without such an argument, most of the arguments it raises in support of its motion to dismiss are unavailing at this stage. Gunn v. Cont'l Cas. Co., 968 F.3d 802, 806-808 (7th Cir. 2020).

The court can address Frontier's final argument as to pleading standards, because a federal court sitting in diversity applies federal procedural law. Skyrise Constr. Group, LLC v. Annex Constr., LLC, 956 F.3d 950, 956 (7th Cir. 2020). Frontier argues that the RV companies' allegations of fraud in Claims I, II, III, and VI don't meet the heightened pleading standards under Federal Rule of Civil Procedure 9(b) and should be dismissed.

The RV companies respond that their breach of fiduciary duty and unjust enrichment claims aren't subject to a heightened pleading standard.

8

Rule 9(b) applies to averments of fraud, and the court decides whether to apply the rule to a claim based on the complaint's factual allegations. Borsellino v. Goldman Sachs Grp., Inc., 477 F.3d 502, 507 (7th Cir. 2007). The RV companies' unjust enrichment and breach of fiduciary duty claims are premised upon a course of fraudulent conduct, so the court should apply the Rule 9(b) heightened pleading standard to the claims. Id.; Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 950 (7th Cir. 2013).

A plaintiff making a claim of fraud must state the circumstances "with particularity." Fed. R. Civ. P. 9(b). "The particularity requirement ensures that plaintiffs do their homework before filing suit and protects defendants from baseless suits that tarnish reputations." Perelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co., 631 F.3d 436, 439 (7th Cir. 2011); Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 507 (7th Cir. 2007) ("This heightened pleading requirement is a response to the great harm to the reputation of a business firm or other enterprise a fraud claim can do."). "Because fair notice is perhaps the most basic consideration underlying Rule 9(b), the plaintiff who pleads fraud must reasonably notify the defendants of their purported role in the scheme." Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 777 (7th Cir. 1994) (internal citations and quotations omitted). Rule 9(b) generally requires a plaintiff alleging fraud to plead the "who, what, when, where, and how of the fraud." Camasta v. Joseph A. Bank Clothiers, Inc., 761 F.3d 732, 737 (7th Cir. 2014).

9

Frontier alleges that the RV companies cited generally to their invoices as fraudulent, and that a general citation to several years' worth of invoices is insufficient to satisfy Rule 9(b)'s particularity requirements. The RV companies identified the who, what, when, where, and how of the fraud on page 13 of their second amended complaint. They cite two specific emails from Frontier employees, identifying their author and date, and two memoranda from Frontier that were submitted to DRV and Cruiser RV, which are also identified by date. They also cite the line item on the invoices they have received from the defendants that they allege the defendants misrepresented. These allegations are sufficient to provide the defendants fair notice of their purported role in the fraudulent conduct alleged.

Frontier notes that some of the cited communications were addressed to specific plaintiffs, but it doesn't ask the court to dismiss the claims from some plaintiffs and not others. Further, the 2014 memoranda the RV companies cite in their complaint were addressed to Cruiser RV and DRV, the two remaining plaintiffs. Frontier also contends that the RV companies have made inconsistent allegations as to their awareness of the alleged hedging adjustments. As already stated, the RV companies don't deny that there was an item on their invoices that the defendants called a hedge; rather, they argue that Frontier calculated and charged them the hedge fraudulently, and that it misrepresented how the hedge affected the RV companies' import taxes.

V. CONCLUSION

Accordingly, the court GRANTS IN PART the motion to dismiss [Doc. No. 36] and DISMISSES Heartland Recreational Vehicles, LLC, Airstream, Inc., and Keystone RV Company on *forum non conveniens* grounds. The court DENIES the motion in all other respects.

SO ORDERED.

ENTERED:  August 11, 2021


　　　　　　　　　　　　　　　 /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　Judge, United States District Court